

# The Attorney General of Texas

November 20, 1985

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Vernon M. Arrell
Commissioner
Texas Rehabilitation Commission
118 E. Riverside Drive
Austin, Texas    78704

Opinion No. JM-374

Re:  Whether a member of the Texas
Planning Council for Developmental
Disabilities is entitled to com-
pensatory per diem

Dear Mr. Arrell:

You ask whether members of the Texas Planning Council for Developmental Disabilities may be paid compensatory per diem for performing their official duties.

Section 112.012 of the Texas Human Resources Code provides for the creation of a 25-member planning council. Subsections (c) and (d) of section 112.012 detail the 18 gubernatorial appointees to the council. Section 112.015 of the Texas Human Resources Code provides for the expenses of these council members as follows:

> (a) Council members appointed under Section 112.012(c) or (d) of this code <u>serve without salary</u> but are entitled to reimbursement for actual expenses incurred in performing their duties, including travel, meals, lodging, and telephone long-distance charges. (Emphasis added).

Your question arose because of article 6813f, V.T.C.S., and article V, section 4 of the 1986-87 General Appropriations Act. Article 6813f provides in full:

> Section 1. In this Act, 'state board or commission' means a board, commission, committee, council, or other similar agency in the state government that is composed of two or more members.

> Sec. 2. A member of a state board or commission is entitled to per diem relating to the member's service on the board or commission. The amount of the per diem is the amount prescribed by the General Appropriations Act.

> Sec. 3. Each law prescribing the amount of per diem relating to membership on a state board or commission is suspended to the extent of a conflict with this Act. If the General Appropriations Act does not prescribe the amount of per diem to which a member of a state board or commission is entitled by law, the law prescribing the amount of per diem is not suspended by this Act. If a law imposes a limit on the number of days for which a member of a state board or commission is entitled to claim per diem, the limit is not suspended by this Act. (Emphasis added).

Article V, section 4 of the General Appropriations Act states:

> PER DIEM OF BOARD OR COMMISSION MEMBERS. As authorized by Section 2 of Article 6813f, Texas Revised Civil Statutes Annotated, the per diem of state board and commission members shall consist of (1) the amounts of compensatory per diem at $30 per day; (2) actual expenses for meals and lodging as authorized by this Act not to exceed the maximum amount allowed as a deduction for state legislators while away from home during a legislative session as established pursuant to the Internal Revenue Code 26 U.S.C. Section 162(i)(1)(B)(ii); and (3) transportation. In the event the maximum amount allowed as a deduction for state legislators pursuant to the Internal Revenue Code as provided above is raised to an amount above $100, the maximum amount of meals and lodging portion of the per diem paid to board and commission members under this section shall not exceed $100.
>
> The items of appropriation for per diem of board or commission members include compensatory per diem only. No employee paid from funds appropriated by this Act shall be paid both a salary and compensatory per diem for concurrent service as a state employee and as a board or commission member. (Emphasis added).

Acts 1985, 69th Leg., ch. 980, art. V, §4, at 7761.

In Attorney General Opinion JM-349 (1985), we concluded that a member of the State Property Tax Board is not entitled to receive the compensatory per diem provided for in article V, section 4, because

section 5.01(i) of the Texas Tax Code states that "[a] member of the board may not receive compensation for his service on the board. . . ." The opinion reasoned that article 6813f, V.T.C.S., was intended to preempt only "law prescribing the amount of per diem relating to membership on a state board or commission." Because section 5.01(i) "prohibits" rather than "prescribes" the payment of any amount that does not represent reimbursement for expenses, the opinion concluded that the compensation section of the rider based on article 6813f did not apply. Similar considerations apply to the case at hand.

Section 112.015 specifies that "[c]ouncil members appointed under Section 112.012(c) or (d) of this code serve <u>without salary</u> but are entitled to reimbursement for actual expenses. . . ." The flat rate compensatory per diem established by subsection (1) of section 4 of article V of the General Appropriations Act clearly represents compensation for services rather than reimbursement for expenses. <u>See</u> Attorney General Opinion JM-349 (1985). Although section 112.015 prohibits the payment of "salaries" rather than of "compensation," we believe that the import of the provision is to prohibit payments which represent something other than reimbursement for expenses. Accordingly, the members of the council who are appointed according to section 112.012(c) and (d) are not entitled to the compensatory per diem provided for in subsection (1) of section 4 of article V of the current General Appropriations Act.

S U M M A R Y

> Members of the Texas Planning Council for Developmental Disabilities who are appointed pursuant to section 112.012(c) or (d) of the Texas Human Resources Code are not entitled to the compensatory per diem provided for in subsection (1) of section 4 of article V of the current General Appropriations Act.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Sarah Woelk